IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., MICHELLE BIGHAM, and | ) ) ) |
| STATE OF ILLINOIS, ex rel., MICHELLE BIGHAM, | ) ) ) |
| Plaintiffs, | ) ) No. 03-CV-4048-JPG |
| v. | ) ) ) ) |
| W. DAVID ROMMEL, DDS | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge**

This matter is before the Court on relator's motion for summary judgment (Doc. 28). On August 28, the Court ordered Mr. Rommel to show cause why it should not construe his failure to respond to the motion as an admission of its merits, grant the motion and enter judgment against him (Doc. 31). Mr. Rommel has not responded to the summary judgment motion or to the Court's show cause order. For the following reasons, the Court will **GRANT** relator's motion for summary judgment.

## BACKGROUND

Relator filed this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1) & (2), and the Illinois Whistleblower Reward and Protection Act (IWRPA), 740 ILCS 175/1, *et seq.*, against Rommel on March 13, 2003 (Doc. 1). Among other things, relator alleged that Mr. Rommel defrauded the United States and the State of Illinois in the course of his dental practice. The United States indicted Rommel for these activities on December 18, 2003 in *United States v. Rommel*, No.

03-CR-40086-JPG, and a jury found Mr. Rommel guilty of nine counts of mail fraud and one count of healthcare fraud. This Court sentenced Mr. Rommel to a term of imprisonment of three years and ordered him to pay $827,106.75 in restitution on November 22, 2005. Both the United States and the State of Illinois declined to intervene in the instant case.

## ANALYSIS

### I.  Standard on Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. The moving party has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotations and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-

minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

Relator has ably argued for the requested relief in her motion and supporting brief. The Court need not address her arguments specifically, however, because it construes Mr. Rommel's failure to respond to the motion as an admission of its merits. S.D.Ill.LocalR. 7.1(c). Further, the Court is satisfied that relator is entitled to the relief she requests.

## CONCLUSION

The Court **GRANTS** relator's motion for summary judgment (Doc. 28). The Court finds the following:

1. Mr. Rommel is liable for the payment of compensatory damages in the amount of $2,481,320.25 (3 x $827,106.75);

2. Mr. Rommel is liable for civil penalties totaling $235,422,000.00 for his submission of 21,402 false claims (21,402 x $11,000); and

3. Mr. Rommel is liable to relator for attorneys' fees and costs of this suit.

The Court hereby **REFERS** this case to Magistrate Judge Frazier for the calculation of Relators' and the Illinois Attorney General's attorneys fees. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATED: November 9, 2006**

                                             s/ J. Phil Gilbert
                                             J. PHIL GILBERT
                                             U.S. District Judge